STOULIG, Judge.
Plaintiffs, Tressie and Joseph Caruso; were awarded by jury verdict general damages of $2,000 and $6,270, respectively, for injuries they incurred in an automobile accident admittedly caused by the negligence of Carroll J. Ledet in failing to stop for a red light at the intersection of Gentilly Boulevard and Lafaye Street in the City of New Orleans. In addition, Mr. Caruso- was awarded special damages of $1,479.17 against defendants, Carroll J. Ledet and his insurer, Allstate Insurance Company, to reimburse the community for expenses it incurred attributable to this accident. Plain-., tiffs have appealed to seek an increase -in quantum.
We affirm. It is apparent from the record plaintiffs (both of whom are in their sixties) not only sought compensation for the injuries attributable to the accident, but also for other nonconnected medical problems which either predated or postdated the occurrence of the collision.
The accident occurred on January 30, 1973. Both plaintiffs were examined and treated at the emergency room of Methodist Hospital and were discharged the same day. Before seeking medical treatment, they first had their car towed to a repair shop and next went to their home at Lake Catherine (about 25 miles from the accident site) to change clothes.
Two weeks later, on their attorney’s referral, they consulted Dr. David Aiken, a general surgeon, who found both had incurred neck and back injuries as a result of the trauma. He prescribed extensive physical therapy, cervical collars for each and an orthopedic corset. In April 1973, because he felt the neck and/or back problems were not responding to treatment. Dr. Aiken referred both to Dr. Thomas Whitecloud, an orthopedist.
In their initial visit to Dr. Whitecloud, neither Mr. nor Mrs. Caruso had neck or back complaints. In fact he testified these areas were asymptomatic in both patients. And yet both plaintiffs were attempting to convince the jury that either the neck or back or both had caused them constant pain from the date of the accident to the date of the trial more than two years later.
The cited inconsistency is but one of many in this voluminous record containing 672 pages of testimony. Plaintiffs’ tendency to exaggerate their aches and pains destroys the probative value of most of their medical expert testimony, because, to a large extent, the diagnoses tracing their problems to the accident are based on their questionable subjective complaints.
Some of the injuries Mr. Caruso allegedly sustained for which the jury allowed no recovery include a broken nose, a torn meniscus in the knee and broken teeth. In all three cases it is understandable why the jury disallowed the claim. With respect to the nose and the teeth, the complaints did not materialize when Mr. Caruso went to the emergency room after the accident. In fact he was not treated for the teeth until more than nine months after the accident. As to the torn meniscus, it was diagnosed by Dr. Whitecloud in June 1973, who related its cause to the accident based in large part on the history given by this plaintiff. A second orthopedist — Dr. Eugene Dabez- *1090 ies — concluded Mr. Caruso did not have a torn meniscus. In short we cannot conclude the evidence reflects the jury committed manifest error in bringing in its verdict.
It is apparent that plaintiffs received injuries in an accident caused solely by the negligence of Ledet. They were treated for trauma that probably resulted from the impact of January 30, 1973. For this they received some compensation. Their efforts to enlarge their awards with questionable complaints makes it difficult to sift what is real from what is imagined or invented. Under the circumstances we think the jury displayed patience and insight in reaching the verdict they did.
For the reasons assigned, the judgment appealed from is affirmed. Appellants are to pay the cost of this appeal.
AFFIRMED.